Filed 2/20/25  Pfeiffer v. Berg CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JUSTIN CARL PFEIFFER, | |
| Plaintiff and Appellant, | G062407 |
| v. | (Super. Ct. No. 30-2021-01222155) |
| DAVID H. BERG et.al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Donald F. Gaffney, Judge. Affirmed. Requests for judicial notice denied.

Benowitz Law Corporation and Louis Benowitz for Plaintiff and Appellant.

Klinedinst, Dan Lawton, Thomas E. Daugherty, and Aydin Emami for Defendants and Respondents.

\*       \*       \*

Plaintiff Justin Carl Pfeiffer appeals from the judgment entered following the court's order quashing service of process on defendants David H. Berg and the law firm of Berg & Androphy (collectively Berg), based on a lack of personal jurisdiction. The court based its order on res judicata because there was a prior final order in this case quashing service based on the court's lack of jurisdiction over these same defendants.

We find no error and affirm the judgment. Although Pfeiffer correctly points out that no appealable judgment was entered following the earlier order, the order itself was separately appealable. Pfeiffer's failure to timely appeal that order allowed it to become final; the order therefore was immune from later appellate challenge.[1]

FACTS

Pfeiffer filed his complaint alleging breach of employment contract and related statutory claims on September 20, 2021. The complaint alleged that, although Berg resided outside the state of California, he had consented to jurisdiction by filing an application to appear pro hac vice in the California litigation that was the subject of Pfeiffer's employment. In February 2022, Berg moved to quash service on the basis the court lacked jurisdiction over both the individual and the firm.

In April 2022, the court granted the motion, concluding Pfeiffer failed to sustain his burden of establishing that Berg had purposely availed

---

[1] Pfeiffer requests we take judicial notice of several documents that are records of a court in Texas. We deny the request because, as Pfeiffer acknowledges, these documents were not before the trial court. Berg also requests we take judicial notice of seven other documents purportedly filed in, or issued by, courts in Texas. These documents are unaccompanied by any evidence purporting to authenticate them. The record is also at best unclear whether they were before the trial court. The request is therefore denied.

themselves of the benefits and protections of the California forum with regard to this controversy, that the controversy is related to or arises out of Berg's contacts with California, and that the exercise of California jurisdiction over Berg comports with notions of fair play and substantial justice. Pfeiffer moved for reconsideration of that order, and his motion was denied in June 2022.

Pfeiffer did not appeal from the order quashing service. Instead, he moved, ex parte, for leave to file an amended verification in support of his complaint. The complaint itself was unchanged.

Pfeiffer then re-served the complaint on Berg, with the new verification attached. In response, Berg again moved to quash service based on lack of jurisdiction. In addition to re-arguing the merits of jurisdiction, Berg's motion asserted the court's earlier order which had quashed service was final and binding.

The court granted Berg's motion. As the court explained, "The instant jurisdictional issue is identical to the issue addressed in the April 13, 2022 [order, which] was litigated in prior proceedings, it was necessarily decided, and the parties are the same. Plaintiff is barred from relitigating the jurisdictional issue." The court added that "[t]he Amended Verification does not alter the jurisdictional issue or [the court's] analysis and Order regarding that issue."

Pfeiffer appealed from the second order quashing service.

DISCUSSION

Pfeiffer argues the trial court erred in granting the motion to quash service. His opening brief focuses almost exclusively on the merits of the jurisdictional issue; the brief fails to address the sole basis of the court's ruling—res judicata—until page 40. Pfeiffer argues the court's earlier order

3

quashing service was not entitled to res judicata effect—i.e., that it was not final—because the court did not enter a judgment in the case. We disagree.

While the general rule is that interim rulings can only be challenged on an appeal from the final judgment in the case (see *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697 [the one judgment rule is a "fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case"]), that rule does not apply to an interim order that is made specifically appealable by statute. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150.) "California follows a 'one shot' rule under which, if an order is appealable, appeal must be taken or the right to appellate review is forfeited." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8 (*Baycol*).)

As explained by our Supreme Court in *Baycol*, "the powers of a reviewing court do not include the power to 'review any decision or order from which an appeal might have been taken' but was not." (*Baycol, supra,* 51 Cal.4th at p. 761, fn. 8; see Code Civ. Proc., § 906; see also *Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 967 ["If [a] ruling *is* appealable, the aggrieved party *must* appeal or the right to contest it is lost"].)

An order quashing service for lack of personal jurisdiction is directly appealable by statute. (Code Civ. Proc., § 904.1, subd. (a)(3).) Pfeiffer could have appealed from that first order. His failure to do so rendered the court's first jurisdictional order final, and thus immune from later challenge on appeal.

## DISPOSITION

The judgment related to the court's order which quashed service of process for lack of personal jurisdiction is affirmed. Berg is entitled to recover costs on appeal.

4

GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.